HALPERIN BATTAGLIA BENZIJA, LLP
Carrie E. Essenfeld, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
(212) 765-9100

*Counsel for Plaintiff Charles M. Berk,*
*Trustee for the Liquidating Trust of*
*Interfaith Medical Center, Inc.*

Hearing Date:  July 13, 2015 at 2:00 PM
Objection Deadline: July 6, 2015 at 4:00 PM

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERFAITH MEDICAL CENTER, INC., | Case No. 12-48226 (CEC) |
| Debtor. | |
| INTERFAITH MEDICAL CENTER, INC. LIQUIDATING TRUST, by and through Charles M. Berk, as Liquidating Trustee, | |
| Plaintiff, | Adv. No. 14-01155 (CEC) |
| -against- | |
| ATLANTIC AVENUE RADIOLOGY, PC, | |
| Defendant. | |

## NOTICE OF HEARING ON MOTION
## FOR ENTRY OF DEFAULT JUDGMENT

**PLEASE TAKE NOTICE**, that on July 13, 2015, Plaintiff Charles M. Berk, as

Liquidating Trustee of the IMC Liquidating Trust (the "Plaintiff"), by and through his counsel

Halperin Battaglia Benzija, LLP, filed with the United States Bankruptcy Court in the Eastern

District of New York a motion (the "Motion") for a clerk's certificate of default and entry of a

default judgment on all claims for relief in its complaint against Atlantic Avenue Radiology, PC

(the "Defendant"), as authorized by Bankruptcy Rule 7055.  Plaintiff will move this Court at the

hearing before the Honorable Carla E. Craig, United States Bankruptcy Judge, at Courtroom No.

3529 at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201, on July 13, 2015 at 2:00 PM, or as soon thereafter as counsel can be heard, for entry of the attached Order granting the Motion and the attached Judgment against Defendant.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, must comply with Federal Rules of Bankruptcy Procedure, must set forth in writing a description of the basis thereof, must be filed with the Court must be in writing, filed with the Court by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, Eastern District of New York, U.S. Bankruptcy Court, EDNY, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800, on a 3.5 inch floppy disk or compact disc, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served upon the undersigned counsel to the Liquidating Trustee at Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, New York 10005, Attention: Carrie E. Essenfeld, so as to be actually received by no later than seven (7) business days after the date of this Notice.

Dated:  New York, New York
        June 16, 2015

HALPERIN BATTAGLIA BENZIJA, LLP

By:    */s/ Carrie E. Essenfeld*

       40 Wall Street, 37th Floor
       New York, New York 10005
       Telephone (212) 765-9100
       Facsimile (212) 765-0964

       *Counsel for Plaintiff Charles M. Berk,*
       *Trustee for the Liquidating Trust of*
       *Interfaith Medical Center, Inc.*

- 2 -

HALPERIN BATTAGLIA BENZIJA, LLP
Carrie E. Essenfeld, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
(212) 765-9100

*Counsel for Plaintiff Charles M. Berk,*
*Trustee for the Liquidating Trust of*
*Interfaith Medical Center, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERFAITH MEDICAL CENTER, INC., | Case No. 12-48226 (CEC) |
| Debtor. | |
| INTERFAITH MEDICAL CENTER, INC. LIQUIDATING TRUST, by and through Charles M. Berk, as Liquidating Trustee, | |
| Plaintiff, | |
| -against- | Adv. No. 14-01155 (CEC) |
| ATLANTIC AVENUE RADIOLOGY, PC, | |
| Defendant. | |

## MOTION FOR ENTRY OF A CLERK'S CERTIFICATE
## OF DEFAULT AND FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff Charles M. Berk, Trustee for the Liquidating Trust of Interfaith Medical Center,

Inc., hereby requests that the Court direct the Clerk of the Court to enter the certificate of default

pursuant to Fed. R. Civ. P. 55(a) and Fed. R. Bankr. P. 7055, and moves for entry of a default

judgment (the "Motion") on all claims for relief in its complaint against Atlantic Avenue

Radiology, PC, pursuant to Fed. R. Civ. P. 55(b)(2) and Fed. R. Bankr. P. 7055. For the reasons

set forth in the attached affidavit of Carrie E. Essenfeld, Plaintiff respectfully requests that this

Court grant the Motion.

Dated:   New York, New York
         June 16, 2015

HALPERIN BATTAGLIA BENZIJA, LLP

By:   /s/ Carrie E. Essenfeld
      Carrie E. Essenfeld
      40 Wall Street, 37th Floor
      New York, New York 10005
      Telephone (212) 765-9100
      Facsimile (212) 765-0964

      *Counsel for Plaintiff Charles M. Berk,*
      *Trustee for the Liquidating Trust of*
      *Interfaith Medical Center, Inc.*

HALPERIN BATTAGLIA BENZIJA, LLP
Carrie E. Essenfeld, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
(212) 765-9100

*Counsel for Plaintiff Charles M. Berk,*
*Trustee for the Liquidating Trust of*
*Interfaith Medical Center, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INTERFAITH MEDICAL CENTER, INC., | ) | Case No. 12-48226 (CEC) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| INTERFAITH MEDICAL CENTER, INC. | ) | |
| LIQUIDATING TRUST, by and through Charles | ) | |
| M. Berk, as Liquidating Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| -against- | ) | |
| | ) | Adv. No. 14-01155 (CEC) |
| | ) | |
| ATLANTIC AVENUE RADIOLOGY, PC, | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) | ss.: |
| COUNTY OF NEW YORK | ) | |

**CARRIE E. ESSENFELD**, being duly sworn, deposes and says:

1.      I am an associate at the firm of Halperin Battaglia Benzija, LLP, attorneys for the

Plaintiff Charles M. Berk, Trustee of the IMC Liquidating Trust (the "Plaintiff"), in the above

captioned adversary proceeding.  I am fully familiar with the facts and circumstances set forth

herein.

## BACKGROUND

1.      On December 2, 2012 (the "Petition Date"), the Debtor commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

**Preference Action**

2.      On or about November 24, 2014, the Trustee filed a complaint (the "Complaint") against Atlantic Avenue Radiology, PC   ("Defendant") pursuant to 11 U.S.C. §§ 541, 542 and 550 which asserted that Defendant had received transfers from the Debtors totaling $46,104.85 (the "Transfers") subject to avoidance pursuant to chapter 5 of the Bankruptcy Code.  A copy of the "Complaint" is annexed hereto as Exhibit "A".

3.      A Summons and Notice of Pretrial Conference (the "Summons") was issued on December 3, 2014.  A copy of the Summons is annexed hereto as Exhibit "B".

4.      The Summons, together with the Complaint were properly served on the Defendant on December 10, 2014, in accordance with Federal R. Bankr. P. 7004(a), (b)(3) and Fed. Civ. P. 4(c) addressed as follows: Atlantic Avenue Radiology, PC, 370 9th Street, Brooklyn, NY, 11215, Attn: President, Officer, Managing or General Agent, and Atlantic Avenue Radiology, P.C., 370 9th Street, Brooklyn, NY, 11215, c/o Vandana A. Chokshi, M.D.

5.      An Affidavit of Service of the Summons and Complaint was filed with the Court on December 11, 2015, a copy of which is annexed hereto as Exhibit "C".

6.      The requirements of the Servicemembers Civil Relief Act [50 U.S.C. App. §§ 501 et seq.] are not applicable to this proceeding as the Defendant is not an individual.

7.      The Defendant is not an infant or an incompetent person.

8.      The Defendant has not answered or otherwise responded to the Complaint.  A copy of the docket in this case evidencing that there has been no answer or response is annexed hereto as Exhibit "D".

9.     Based on the foregoing, the Defendant is in default as defined in Rule 55 of the Federal Rules of Civil Procedure, made applicable hereto by Rule 7055 of the Federal Rules of Bankruptcy Procedure.

## **RELIEF SOUGHT**

10.     Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rule 7055, the Clerk of the Court, upon request of a plaintiff, and the filing of an affidavit, must enter a defendant's default where the defendant has failed to plead or otherwise defend.

11.     Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rule 7055, the Court, upon request of a plaintiff, may enter a judgment against a defendant who has failed to plead or otherwise defend.

12.     Defendant has failed to answer the Complaint.

13.     Accordingly, Plaintiff requests that the Clerk of the Court enter default against the Defendant in the form annexed hereto as Exhibit "E".

14.     Further, the Plaintiff is entitled to have a default judgment entered against Defendant in the amount of $46,104.85 plus interest[1] and costs of $350.00.

---

[1] Interest, as determined by using the applicable weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System, as found on http://www.federalreserve.gov/, from the date of filing of the complaint.

**WHEREFORE**, Plaintiff respectfully requests that the Court (a) enter a judgment in the

form annexed hereto as Exhibit "F"; and (b) grant such other relief as is just.

/s/ Carrie E. Essenfeld
Carrie E. Essenfeld

Sworn to before me this
16th day of June, 2015

/s/ Scott A. Ziluck
Notary Public, State of New York
No. 02ZI6029780
Qualified in Westchester County
Commission Expires 08/30/2017

Exhibit "A"

HALPERIN BATTAGLIA RAICHT, LLP
Carrie E. Essenfeld
40 Wall Street – 37th Floor
New York, New York 10005
Tel: (212) 765-9100
Fax: (212) 765-0964

*Counsel for Plaintiff Charles M. Berk,*
*Trustee for the Liquidating Trust of*
*Interfaith Medical Center, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERFAITH MEDICAL CENTER, INC. | Case No. 12-48226 (CEC) |
| Debtor. | Confirmed |
| INTERFAITH MEDICAL CENTER, INC.<br>LIQUIDATING TRUST, by and through<br>Charles M. Berk, as Liquidating Trustee, | Adversary Proceeding No 14-_____(___) |
| Plaintiff, | |
| vs. | **COMPLAINT TO AVOID AND**<br>**RECOVER AVOIDABLE TRANSFERS** |
| ATLANTIC AVENUE RADIOLOGY, PC, | |
| Defendant. | |

Charles M. Berk, as liquidating trustee (the "Trustee") of the IMC Liquidating Trust (the "Trust") (and, together with the Trustee, the "Plaintiff"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover certain transfers made by one or more of the predecessors in interest of the above-captioned reorganized debtor (the "Debtor")[5] to or for the benefit of Atlantic Avenue Radiology, PC (the "Defendant"), on knowledge as to itself and as to all other matters on information and belief, respectfully alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff seeks a money judgment relating to certain avoidable transfers identified on **Exhibit A** hereto in the aggregate amount of $46,104.85 made by the Debtor to Defendant in the ninety (90) day period preceding the commencement of the Debtor's bankruptcy case (each transfer, an "Avoidable Transfer" and, collectively, the "Avoidable Transfers").

2.    Specifically, Plaintiff seeks entry of a judgment against Defendant (i) avoiding, (a) pursuant to 11 U.S.C. § 547(b), preferential transfers to or for the benefit of the Defendant, or, in the alternative, subject to proof, (b) pursuant to 11 U.S.C. §§ 544(b) and 548 any transfers that may have been fraudulent conveyances, and (c) pursuant to 11 U.S.C. § 549, any unauthorized transfers that cleared post-petition; (ii) preserving for the benefit of the Trust, as the designee of the Debtor's estate, the Avoidable Transfers or the value thereof pursuant to 11 U.S.C. § 551; (iii) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the amount of the Avoidable Transfers, plus interest and costs; and (iv) pending such payment, disallowing any claim of Defendant against the Debtor pursuant to 11 U.S.C. § 502 (a) through (j) ("Section 502").

---

[5] The last four digits of the Debtor's federal tax identification number are 6155. The Debtor's mailing address is 1545 Atlantic Avenue, Brooklyn, New York 11213.

3.      To the extent that Defendant has filed a proof of claim or has a claim listed on the
Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested
payment from the Debtor or the Debtor's Chapter 11 estate (collectively, the "Claim"), this
Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's and/or the
Debtor's right to object to such Claim for any reason including, but not limited to, Section 502,
and such rights are expressly reserved.

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the Eastern District of New York (this
"Court") has subject matter jurisdiction over this adversary proceeding pursuant to
28 U.S.C. §§ 157, 1331 and 1334(b).

5.      The statutory and legal predicates for the relief sought herein are sections 502,
544, 547, 548, 549, 550 and 551 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532
(the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules").

6.      This proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.      Venue in this district is proper pursuant to 28 U.S.C. §1409.

## PROCEDURAL AND FACTUAL BACKGROUND

8.      On December 2, 2012 (the "Petition Date"), the Debtor commenced a case by
filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

9.      On or about April 8, 2014 the Debtor filed its First Amended Disclosure
Statement for the First Amended Chapter 11 Plan of Interfaith Medical Center, Inc. [Docket No.
1018] (the "Disclosure Statement").  Pursuant to the liquidation analysis included as Exhibit 6 to
the Disclosure Statement (the "Liquidation Analysis"), unsecured creditors would have received

0% of the value of their claims if the Debtor liquidated its unencumbered assets pursuant to Chapter 7 of the Bankruptcy Code.

10.    On May 27, 2014, the Debtor filed its Second Amended Chapter 11 Plan of Interfaith Medical Center, Inc. (as modified from time to time, and including the Plan Supplement and all other exhibits and schedules, the "Plan") [Docket No. 1092].

11.    On April 11, 2014, the Court entered an order approving the Disclosure Statement [Docket No. 1032]. Subsequently, on June 11, 2014, the Court entered an order confirming the Plan [Docket No. 1158] and it became effective on June 19, 2014 (the "Effective Date"), thereby creating the Trust.

12.    The Plan established the Trust as a liquidating trust pursuant to the Liquidating Trust Agreement (the "Trust Agreement"), effective as of the Effective Date, for the sole purpose of liquidating the Trust assets, with no objective to continue or engage in the conduct of trade or business except, to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Trust and the Plan.

13.    Pursuant to Section 3.11 of the Trust Agreement, after the Effective Date, only the Trustee has authority to maintain, prosecute, settle, dismiss, abandon, or otherwise dispose of avoidance actions (the "Interfaith Avoidance Actions"). The Trustee is vested with the right to, among other things, compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise resolve or settle claims in favor of, or against, the Trust (including the Interfaith Avoidance Actions). Furthermore, the Trustee may enter into and consummate settlements and compromises of the Interfaith Avoidance Actions.

14.    Prior to the Petition Date, the Debtor operated, and still operates, a multi-site health care system providing medical, surgical, pediatric, dental, psychiatric and other health

care services, with outpatient services and an ambulatory care network of three clinics, located throughout central Brooklyn. Accordingly, the Debtor maintained business relationships through which it regularly purchased, sold, received, and/or delivered equipment, goods and services.

15.     During the ninety (90) days before the Petition Date, that is between September 3, 2012, and December 1, 2012 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities, including the Defendant.

16.     During the course of their relationship, the Debtor and Defendant entered into agreements, evidenced by invoices, communications and other documents (collectively, the "Agreements"), pursuant to which the Debtor and Defendant conducted business with one another.

17.     Plaintiff has completed an analysis of all readily available information of the Debtor and is seeking to avoid all of the transfers of an interest in any of the Debtor's property made by the Debtor to Defendant within the Preference Period.

18.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that are otherwise avoidable. It is Plaintiff's intention to avoid and recover all transfers made by Debtor of an interest of the Debtor in property to or for the benefit of Defendant.

19.     To the extent that the Debtor's records do not accurately identify all transfers made by the Debtor of an interest in the Debtor's property, including but not limited to any transfers that cleared post-petition, Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the Avoidable Transfers (as defined below), (ii) additional transfers, (iii) modifications of and/or revision of the Defendant's name or identity, (iv)

additional defendants, and/or (v) additional causes of action (collectively, the "Amendments"), that may become known to Plaintiff at any time during the pendency of this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

20.    Plaintiff acknowledges that some transfers may be subject to defenses under Bankruptcy Code section 547(c), with respect to which Defendant bears the burden of proof under Bankruptcy Code section 547(g).

## COUNT I - TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

21.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

22.    During the Preference Period, the Debtor made transfers to, or for the benefit of, the Defendant in the amounts set forth in the chart annexed as Exhibit A hereto, which is incorporated by reference herein (collectively, the "Avoidable Transfers").

23.    During the Preference Period, the Defendant was a creditor of the Debtor within the meaning of Bankruptcy Code section 547(b)(1) at the time of each Avoidable Transfer by virtue of supplying goods and/or services for which Debtor was obligated to pay in accordance with the Agreements.

24.    The Avoidable Transfers were transfers of an interest of the Debtor in property.

25.    According to the Debtor's books and records, the Avoidable Transfers were made to, or for the benefit of, the Defendant because each Avoidable Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Defendant.

26.    The Avoidable Transfers were made for or on account of antecedent debts owed by the Debtor.

27.     The Avoidable Transfers were made while the Debtor was insolvent. The Plaintiff is entitled to the presumption of insolvency for each transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f). Further, as evidenced by the Disclosure Statement, as well as the proofs of claim that have been filed against the Debtor, the Debtor's liabilities exceed its assets. As set forth in the Disclosure Statement, it is estimated that general unsecured creditors will receive less than full value on account of their allowed claims against the Debtor.

28.     The Avoidable Transfers were made on or within 90 days prior to the Petition Date.

29.     The Avoidable Transfers enabled the Defendant to receive more than it would receive if (a) the Debtor's case was a case under chapter 7 of the Bankruptcy Code, (b) the Avoidable Transfers had not been made, and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

30.     The Defendant was either the initial transferee of the Avoidable Transfers, the entity for whose benefit the Avoidable Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Avoidable Transfers.

31.     By reason of the foregoing, each Avoidable Transfer should be avoided and set aside as a preferential transfer pursuant to 11 U.S.C. § 547(b).

## COUNT II - TO AVOID FRAUDULENT
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 548 and 544(b)

32.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31 above as if fully set forth herein.

33.     The Avoidable Transfers were made within two (2) years prior to the Petition Date.

34.     The Avoidable Transfers were made to, or for the benefit of, the Defendant.

35.     Subject to proof, Plaintiff pleads, in the alternative, that to the extent one or more of the Avoidable Transfers were not on account of an antecedent debt or were prepayments for goods and/or services subsequently received, Debtor did not receive reasonably equivalent value in exchange for the Avoidable Transfers, either (a) because the value of the services and/or goods received was in fact less than the Avoidable Transfers or (b) because the Debtor received such goods and/or services was not the Debtor that had incurred the debt and the Debtor was: (i) insolvent on the dates of the Avoidable Transfers or became insolvent as a result of the Avoidable Transfers; and/or (ii) engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital at the time of, or as a result of, the Avoidable Transfers; and/or (iii) the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured (the "Potentially Fraudulent Transfers").

36.     The Avoidable Transfers either (a) were made while the Debtor was insolvent or was in the zone of insolvency; (b) left the Debtor with unreasonably small capital; and/or (c) were made while the Debtor intended to incur or believed that they had incurred debts that they would not be able to pay as they became due.

37.     By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as fraudulent transfers.

## COUNT III - AVOIDANCE OF UNAUTHORIZED
## POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549

38.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 above as if fully set forth herein.

39.     Subject to proof, Plaintiff pleads that to the extent any transfers made by the Debtor to Defendant, including the Avoidable Transfers, were transfers of an interest in the

property of the Debtor that cleared the Debtor's bank account after the Petition Date (the "Post-Petition Transfers"), such Post-Petition Transfers were never authorized by the Court or under the Bankruptcy Code and, thus in accordance with the foregoing, is property of the Estate that is avoidable pursuant to 11 U.S.C. § 549.

## COUNT IV - TO PRESERVE
## PROPERTY PURSUANT TO 11 U.S.C. § 551

40.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 above as if fully set forth herein.

41.    The Avoidable Transfers are property of the estate of the Debtor.

42.    Therefore, the Avoidable Transfers, or the value thereof, should be preserved for the benefit of the Debtor's estate pursuant to § 551 of the Bankruptcy Code.

## COUNT V- TO RECOVER AVOIDABLE
## TRANSFERS PURSUANT TO 11 U.S.C. § 550

43.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 above as if fully set forth herein.

44.    The Plaintiff is entitled to avoid the Avoidable Transfers pursuant to 11 U.S.C. § 547(b), or, alternatively, the Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548, and any Post-Petition Transfers pursuant 11 U.S.C. § 549 (the Avoidable Transfers, Potentially Fraudulent Transfers, and Post- Petition Transfers collectively, "All Avoidable Transfers").

45.    The Defendant was the initial transferee of All Avoidable Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit All Avoidable Transfers were made.

46.     Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant an amount to be determined at trial that is not less than $46,104.85 plus interest thereon to the date of payment and the costs of this action.

### COUNT VI- TO DISALLOW
### CLAIMS PURSUANT TO 11 U.S.C. § 502(d) and (j)

47.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 above as if fully set forth herein.

48.     The Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

49.     The Defendant was the initial transferee of All Avoidable Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit All Avoidable Transfers were made.

50.     The Defendant has not paid the amount of All Avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

51.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's Chapter 11 estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff all amounts sought in paragraph 45 above.

52.     Pursuant to 11 U.S.C. § 502(j), any and all previously allowed Claims of Defendant, and/or its assignee, against the Debtor's chapter 11 estate or Plaintiff must be reconsidered and disallowed until such time as Defendant pays to Plaintiff all amounts sought in paragraph 45 above.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment against Defendant:

a) avoiding All Avoidable Transfers pursuant to 11 U.S.C. § 547(b), or, in the alternative, pursuant to 11 U.S.C. §§ 548 and 544(b) or 11 U.S.C. § 549;

b) preserving for the benefit of the Debtor's estate All Avoidable Transfers or the value thereof pursuant to 11 U.S.C. § 551;

c) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than $46,104.85, plus interest and costs;

d) disallowing any Claim of Defendant against the Debtor pursuant to 11 U.S.C. § 502(d) and (j);

e) awarding pre-judgment interest at the maximum legal rate running from the date of the Plaintiff's first demand to return All Avoidable Transfers to the date of judgment with respect to this Complaint (the "Judgment") herein;

f) awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the judgment is paid in full, plus costs;

g) requiring Defendant to pay forthwith the amount of the Judgment; and

h) granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
      November 24th, 2014

            HALPERIN BATTAGLIA RAICHT, LLP

            By:  */s/ Carrie E. Essenfeld*

            Carrie E. Essenfeld
            40 Wall Street – 37th Floor
            New York, New York 10005
            (212) 765-9100

            *Counsel for Plaintiff Charles M. Berk,*
            *Trustee for the Liquidating Trust of*
            *Interfaith Medical Center, Inc.*

**EXHIBIT A**

Case 1-14-01155-cec   Doc 1   Filed 11/24/14   Entered 11/24/14 14:32:20

| Vendor Name | Check # | Check Date | Check Clear Date | Payment Type | Invoice # | Invoice Date | Invoice Amount | Payment Amount |
|---|---|---|---|---|---|---|---|---|
| ATLANTIC AVENUE RADIOLOGY, PC | 38266 | 9/7/2012 | 10/1/2012 | Check | 071312 | 7/13/2012 | $1,835.25 | $1,835.25 |
| ATLANTIC AVENUE RADIOLOGY, PC | 38520 | 9/14/2012 | 10/1/2012 | Check | AAR_self pay_6_12 | 7/31/2012 | $7,911.86 | $7,911.86 |
| ATLANTIC AVENUE RADIOLOGY, PC | 38579 | 9/21/2012 | 10/15/2012 | Check | AAR_GLOBAL-6-12 | 7/31/2012 | $15,753.03 | $15,753.03 |
| ATLANTIC AVENUE RADIOLOGY, PC | 39009 | 10/5/2012 | 10/15/2012 | Check | 100412 | 10/4/2012 | $3,784.30 | $3,784.30 |
| ATLANTIC AVENUE RADIOLOGY, PC | 39879 | 11/9/2012 | 11/26/2012 | Check | AAR_GLOBAL_9_12_V2 | 11/8/2012 | $10,923.35 | $10,923.35 |
| ATLANTIC AVENUE RADIOLOGY, PC | 40046 | 11/23/2012 | 11/29/2012 | Check | AAR_GLOBAL-10-12 | 11/16/2012 | $5,897.06 | $5,897.06 |
| | | | | | | TOTAL | | $46,104.85 |

Exhibit "B"

## UNITED STATES BANKRUPTCY COURT
### Eastern District of New York

*NOTE: All documents filed in this matter must be identified by both
adversary and bankruptcy case numbers, case chapter and judge's initials.*

In re: Interfaith Medical Center, Inc.

Bankruptcy Case No.:
1−12−48226−cec

INTERFAITH MEDICAL CENTER, INC. LIQUIDATING TRUST, by and
through Charles M. Berk, as Liquidating Trustee

Plaintiff(s),

−against−

Adversary Proceeding No.
1−14−01155−cec

Atlantic Avenue Radiology, PC

Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this
summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that
the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk: |
| --- |
| **United States Bankruptcy Court**<br>**271−C Cadman Plaza East, Suite 1595**<br>**Brooklyn, NY 11201−1800** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of<br>Plaintiff's Attorney: |
| --- |
| **Carrie Essenfeld**<br>**Halperin Battaglia Raicht LLP**<br>**40 Wall Street**<br>**37th Floor**<br>**New York, NY 10005** |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be
held at the following time and place.

| Location:<br>United States Bankruptcy Court, 271−C Cadman Plaza East,<br>Courtroom 3529 − 3rd Floor, Brooklyn, NY 11201−1800 | Date and Time:<br>February 9, 2015 at 02:30 PM |
| --- | --- |

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR
CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT
MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: December 3, 2014                    Robert A. Gavin, Jr., Clerk of the Court

**Summons** [Summons and Notice of Pretrial Conf. rev. 03/16/2009]

Exhibit "C"

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERFAITH MEDICAL CENTER, INC. | Case No. 12-48226 (CEC) |
| Debtor. | Confirmed |

| | |
|---|---|
| INTERFAITH MEDICAL CENTER, INC. LIQUIDATING TRUST, by and through Charles M. Berk, as Liquidating Trustee, | |
| Plaintiff, | Adversary Proceeding No 14-01155 (CEC) |
| vs. | |
| ATLANTIC AVENUE RADIOLOGY, PC, | |
| Defendant. | |

### AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF NEW YORK | ) |

Amy M. Augustyn, being duly sworn, deposes and says:

I am not a party to the action. I am over the age of eighteen years and reside in Nassau, New York.

On December 10, 2014 I served copies of documents referenced below by causing true and correct copies of the same to the persons listed on **Exhibit A** by first-class mail, postage prepaid:

DOCUMENT 1:    *Summons and Notice of Pretrial Conference in an Adversary Proceeding*

DOCUMENT 2:    *Complaint to Avoid and Recover Avoidable Transfers.*

*/s/ Amy M. Augustyn*
Amy M. Augustyn

Sworn to before me this 11th
day of December 2014.

*/s/ Ligee Gu*
Ligee Gu
Notary Public, State of New York
No. 02GU6241333
Qualified in New York County
Commission Expires 5/16/15

{00230689.1 / 1067-001 }

**<u>Exhibit A</u>**

Atlantic Avenue Radiology, PC
370 9th Street
Brooklyn, NY 11215
Attn: President, Officer, Managing or General Agent

Atlantic Avenue Radiology P.C.
C/o Vandana A. Chokshi, M.D.
370 9th Street
Brooklyn, NY 11215

Exhibit "D"

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
## Adversary Proceeding #: 1-14-01155-cec

*Assigned to:* Carla E. Craig                    *Date Filed:* 11/24/14
*Lead BK Case:* 12-48226
*Lead BK Title:* Interfaith Medical Center, Inc.
*Lead BK Chapter:* 11
*Demand:* $46000

*Nature[s] of Suit:* 12 Recovery of money/property - 547 preference
                     13 Recovery of money/property - 548 fraudulent transfer

### Plaintiff
-----------------------

**INTERFAITH MEDICAL CENTER, INC.**          represented by **Carrie Essenfeld**
**LIQUIDATING TRUST, by and through**                       Halperin Battaglia Benzija LLP
**Charles M. Berk, as Liquidating Trustee**                 40 Wall Street
                                                            37th Floor
                                                            New York, NY 10005
                                                            (212) 765-9100
                                                            Fax : (212) 765-0964
                                                            Email: cmitchell@halperinlaw.net

V.

### Defendant
-----------------------

**Atlantic Avenue Radiology, PC**          represented by **Atlantic Avenue Radiology, PC**
                                                          PRO SE

| Filing Date | # | Docket Text |
|---|---|---|
| 11/24/2014 | 1 (13 pgs) | Adversary case 1-14-01155. Complaint by INTERFAITH MEDICAL CENTER, INC. LIQUIDATING TRUST, by and through Charles M. Berk, as Liquidating Trustee against Atlantic Avenue Radiology, PC. Fee Amount $350. Nature (s) of Suit: (12 (Recovery of money/property - 547 preference)), (13 (Recovery of money/property - 548 fraudulent transfer)). (Essenfeld, Carrie) (Entered: 11/24/2014) |
| 11/24/2014 | | |

|  |  |  |
|---|---|---|
|  |  | Receipt of Complaint(1-14-01155-cec) [cmp,cmp] ( 350.00) Filing Fee. Receipt number 12953613. Fee amount 350.00. (re: Doc# 1) (U.S. Treasury) (Entered: 11/24/2014) |
| 12/02/2014 | 2 (2 pgs) | Statement *Adversary Proceeding Cover Sheet* Filed by Carrie Essenfeld on behalf of INTERFAITH MEDICAL CENTER, INC. LIQUIDATING TRUST, by and through Charles M. Berk, as Liquidating Trustee (Essenfeld, Carrie) (Entered: 12/02/2014) |
| 12/03/2014 | 3 (2 pgs) | Summons and Notice of Pre-Trial Conference issued by Clerk's Office against Atlantic Avenue Radiology, PC Answer Due: 1/5/2015 Pre-Trial Conference set for 2/9/2015 at 02:30 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (dkc) (Entered: 12/03/2014) |
| 12/11/2014 | 4 (2 pgs) | Summons Served on Atlantic Avenue Radiology, PC 12/10/2014 . (Essenfeld, Carrie) (Entered: 12/11/2014) |
| 03/27/2015 | 5 (1 pg) | Letter *Notice of Law Firm Name Change* Filed by Carrie Essenfeld on behalf of INTERFAITH MEDICAL CENTER, INC. LIQUIDATING TRUST, by and through Charles M. Berk, as Liquidating Trustee (Essenfeld, Carrie) (Entered: 03/27/2015) |
| 05/28/2015 | 6 (10 pgs) | Notice of Default Filed by INTERFAITH MEDICAL CENTER, INC. LIQUIDATING TRUST, by and through Charles M. Berk, as Liquidating Trustee. (Essenfeld, Carrie) (Entered: 05/28/2015) |
| 06/04/2015 | 7 (2 pgs) | Motion to Dismiss/Withdraw Filed by Carrie Essenfeld on behalf of INTERFAITH MEDICAL CENTER, INC. LIQUIDATING TRUST, by and through Charles M. Berk, as Liquidating Trustee (related document(s)6). (Essenfeld, Carrie) (Entered: 06/04/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/08/2015 11:16:46 | | |
| **PACER Login:** | ha0167:2558852:0 | **Client Code:** interfaith |
| **Description:** | Docket Report | **Search Criteria:** 1-14-01155-cec Fil or Ent: filed Doc From: 0 Doc To: |

| | | | 99999999 Term: included Headers: included Format: html Page counts for documents: included |
|---|---|---|---|
| Billable Pages: | 1 | Cost: | 0.10 |

Exhibit "E"

B 260
(1/96)

# United States Bankruptcy Court

_____Eastern_____ District Of __New York__

In re <u>INTERFAITH MEDICAL CENTER, INC.</u> )
<u>Debtor</u> )
INTERFAITH MEDICAL CENTER, INC. )
LIQUIDATING TRUST, by and through )
<u>Charles M. Berk, as Liquidating Trustee,</u> )
Plaintiff )
)
ATLANTIC AVENUE RADIOLOGY, PC, )
_____, )
Defendant )

Case No. <u>12-48226 (CEC)</u>

Chapter ___11___

Adv. Proc. No. <u>14-01155 (CEC)</u>

## ENTRY OF DEFAULT

It appears from the record that the following defendant failed to plead or otherwise defend in this case as required by law.

> Name:
>
> ATLANTIC AVENUE RADIOLOGY, PC

Therefore, default is entered against the defendant as authorized by Federal Rule of Bankruptcy Procedure 7055.

_____
_Clerk of the Bankruptcy Court_

_____
_Date_

By:_____
_Deputy Clerk_

Exhibit "F"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| INTERFAITH MEDICAL CENTER, INC., | ) Case No. 12-48226 (CEC) |
| | ) |
| Debtor. | ) |
| | ) |
| INTERFAITH MEDICAL CENTER, INC. | ) |
| LIQUIDATING TRUST, by and through Charles | ) |
| M. Berk, as Liquidating Trustee, | ) |
| | ) |
| Plaintiff, | ) |
| -against- | ) Adv. No. 14-01155 (CEC) |
| | ) |
| | ) |
| ATLANTIC AVENUE RADIOLOGY, PC, | ) |
| Defendant. | ) |

## JUDGMENT BY DEFAULT

Plaintiff Charles M. Berk, as Liquidating Trustee of the IMC Liquidating Trust,

having commenced the above captioned adversary proceeding by the filing of a complaint (the

"Complaint") seeking judgment against Atlantic Avenue Radiology, PC ("Defendant") in the

amount of $46,104.85, and a summons having been duly issued by the Clerk of the Bankruptcy

Court on December 3, 2015, and Plaintiff having obtained the entry of default against Defendant

as authorized by Bankruptcy Rule 7055, and upon the Plaintiff's motion for judgment by default

pursuant to Bankruptcy Rule 7055 seeking judgment against Defendant in the amount of

$46,104.85 plus interest at the legal rate from the date of the filing of the Complaint, together

with all cost of this action including the filing fee for the complaint of $350.00; it is

**ADJUDGED**, that Plaintiff has a judgment against Defendant Atlantic Avenue

Radiology, PC, having its place of business at Atlantic Avenue Radiology, PC, 370 9th Street,

Brooklyn, NY, 11215, in the amount of $46,104.85, plus interest, plus costs in the amount of $350.00.